IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY G. SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al. | : | No. 07-0957 |

**REPORT AND RECOMMENDATION**

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                    August 20, 2007

Currently before the court is a counseled petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 by Anthony G. Smith ("Smith"), an individual currently

incarcerated in the Curran Fromhold State Correctional Institution.  For the reasons that

follow, I recommend that the petition be denied.

**FACTS AND PROCEDURAL HISTORY:**

The relevant facts, set forth by the state court, are as follows:

On May 3, 2002 at approximately 6:00 p.m., the victim sat in the passenger
side back seat of a parked car accompanied by two [2] individuals. [Smith]
approached the vehicle and shot the victim in his left leg. [Smith] pointed
the gun at the driver and said "don't move." [Smith] then shot the victim in
the chest.  Police officers on patrol in the vicinity heard the gunshots.
Approximately five [5] minutes later, the car in which the victim was seated
pulled up to the officers, and the occupants asked for help.  The victim told
the officers that he thought he was going to die and that he needed to go to
the hospital.  The officers asked the victim what happened, and he
responded that he had been involved in an altercation with [Smith's] brother
and that precipitated the shooting.

Commonwealth v. Smith, No. 817 EDA 2004, at 1-2 (Pa. Super. July 6, 2005) (citations

omitted), attached to Resp't Answer as Ex. "A."

Following Smith's arrest, a preliminary hearing was held on July 11, 2002, during which the victim testified.  On March 21, 2003, the victim was killed in an unrelated matter.  Because the victim was unavailable to testify at trial, Smith filed a motion in limine seeking to exclude the preliminary hearing testimony of the victim.  The Honorable Renee Cardwell Hughes, Court of Common Pleas of Philadelphia County, held a hearing on Smith's motion in limine on December 3, 2003, and ultimately denied the motion, allowing the direct and cross-examination from the victim's preliminary hearing testimony to be read into the record at trial.

On December 4, 2003, after a bench trial before the Honorable Anthony J. DeFino, Court of Common Pleas of Philadelphia County, Smith was found guilty of attempted murder, aggravated assault, simple assault, recklessly endangering another person, and possession of an instrument of crime.  Judge DeFino sentenced Smith to an aggregate term of fifteen (15) to thirty (30) years of imprisonment.

Smith filed a direct appeal in the Pennsylvania Superior Court claiming:

(1) the trial court erred in admitting evidence under the excited utterance exception to the hearsay rule; and

(2) the trial court erred in permitting the Commonwealth to admit into evidence the prior testimony of the victim who was unavailable, insofar as the defense did not have the opportunity to fully and fairly cross-examine the victim at the preliminary hearing.

On July 6, 2005, the Superior Court affirmed the judgment of sentence.  Commonwealth v. Smith, No. 817 EDA 2004 (Pa. Super. July 6, 2005) (unpublished memorandum),

2

attached to Resp't Answer as Ex. "A."  The Pennsylvania Supreme Court denied <u>allocatur</u>

on December 28, 2005.  <u>Commonwealth v. Smith</u>, 891 A.2d 732 (Pa. 2005).

Smith did not file a collateral appeal pursuant to Pennsylvania's Post Conviction

Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, <u>et seq.</u>

On March 9, 2007, Smith filed the instant petition for a federal writ of habeas

corpus claiming:

> (1) the Sixth Amendment was violated when the victim's testimony from the preliminary hearing was admitted into evidence at trial; and

> (2) the Sixth Amendment was violated when a police officer was allowed to testify that the victim identified Smith as the man who shot him.

Respondents have filed an answer asserting that Smith is not entitled to federal habeas

relief because Smith's claims are either procedurally defaulted and/or without merit.  On

July 24, 2007, Smith filed a reply to Respondents answer.

**DISCUSSION:**

**1.        Exhaustion and Procedural Default**

A federal court, absent unusual circumstances, should not entertain a petition for

writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement

of 28 U.S.C. § 2254.  <u>See</u> 28 U.S.C. § 2254(b).  A petitioner will not be deemed to have

exhausted available state remedies if he had the right under the law of the state to raise,

by any available procedure, the question presented.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838

(1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also

whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts"); Picard v. Connor, 404 U.S. 270 (1971). "The exhaustion requirement ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally guaranteed rights." Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (quoting Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir. 1992)).  In order for a claim to be exhausted "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available to the state court as will be employed by the federal court." Evans v. Court of Common Pleas, Del. Co., Pa., 959 F.2d 1227, 1231 (3d Cir. 1992).  The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

Although there are certain circumstances under which exhaustion may be excused, I may nonetheless be precluded from reviewing the merits of claims deemed exhausted. As the Third Circuit has held:

> claims deemed exhausted because of a state procedural bar are
> procedurally defaulted, and federal courts may not consider
> their merits unless the petitioner "establishes 'cause and prejudice'
> or a 'fundamental miscarriage of justice' to excuse the default."

Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991).  The "cause and prejudice" standard applies whether the default in question occurred at trial, on appeal, or on state collateral attack.  Edwards v. Carpenter,

4

529 U.S. 446, 451 (2000).

The Supreme Court has delineated what constitutes "cause" for the procedural default: the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Werts, 228 F.3d at 192-93 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).  With regard to the prejudice requirement, the habeas petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Id. at 193 (citing Carrier, 477 U.S. at 494).  This standard essentially requires the petitioner to show he was denied "fundamental fairness" at trial.  Id.

In the alternative, if the petitioner fails to demonstrate cause and prejudice for the default, the federal court may also consider a defaulted claim if the petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 748.  In order to satisfy the fundamental miscarriage of justice exception, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Carrier, 477 U.S. at 496); see Glass v. Vaughn, 65 F.3d 13, 16-17 (3d Cir. 1995), cert. denied, 516 U.S. 1151 (1996) (assuming that the Schlup miscarriage of justice/actual innocence standard applied to noncapital petitioner arguing eligibility for lesser degree of guilt).  To satisfy the "actual

5

innocence" standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 327; see also Glass, 65 F.3d at 16.

In his two (2) claims, Smith contends that the trial court violated his federal Sixth Amendment rights by improperly admitting the testimony of the unavailable victim and the testimony of the police officer who testified regarding the victim's "excited utterance." Respondents argue that Smith's claims were presented to the state court solely as matters of state law. As a result, they contend that the federal equivalent of these claims have not been fairly presented to the state courts and are unexhausted and procedurally defaulted.

I agree that Smith's second claim, regarding the admission of the victim's "excited utterance," is procedurally defaulted because it was raised exclusively as a matter of state law to the state courts. See generally Duncan v. Henry, 513 U.S. 364 365 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). In order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(d), a petitioner must "fairly present" federal claims to state courts before bringing them in federal court. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (citing Duncan, 513 U.S. 364; Picard v. Connor, 404 U.S. 270, 275 (1971); Lambert, 134 F.3d at 513). To "fairly present" a claim to a federal habeas court, a

petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. <u>McCandless</u>, 172 F.3d at 261 (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982) and <u>Picard</u>, 404 U.S. 270). It is not sufficient that a "somewhat similar state-law claim was made." <u>Id.</u> (citing <u>Harless</u>, 459 U.S. at 6).

In <u>Evans v. Court of Common Pleas, Del. County, Pa.</u>, 959 F.2d 1227 (3d Cir. 1992), the Third Circuit noted some of the ways in which petitioners may communicate that they are asserting a federal claim without explicitly referencing specific portions of the federal constitution or statutes. <u>McCandless</u>, 172 F.3d at 261. The Court observed that the required message can be conveyed through:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, ©) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

<u>Id.</u> (citing <u>Evans</u>, 959 F.2d at 1232).

In the instant matter, Smith did not, by these means or any other, serve fair notice that he was asserting a claim of federal constitutional dimension. <u>McCandless</u>, 172 F.3d at 262. Smith's claim in state court made no reference to a constitutional or federal right and cited only state cases considering state law without employing any constitutional

7

analysis.[1]  Id.; see Pet'r Super. Ct. Br., attached to Resp't Ans. as Ex. "B."  Furthermore,

Smith's Pennsylvania Superior Court brief does not assert this claim in "terms so

particular as to bring to mind" a constitutional right, nor do they "allege a pattern of facts

well within the mainstream of constitutional litigation."  Id.; see also, e.g., Keller v.

Larkins, 251 F.3d 408, 414-15 (3d Cir. 2001) (holding that passing references in state

court to the concept of a "fair trial" were insufficient to give the state courts fair notice

that a habeas petitioner was asserting a federal constitutional claim).  Thus, I conclude

that Smith did not fairly present his second claim to Pennsylvania's courts.  McCandless,

172 F.3d at 262-63 (citing Duncan, 513 U.S. at 366).

I find, however, that exhaustion should be excused pursuant to 28 U.S.C. §

2254(b)(1), because a return to state court would be futile due to "an absence of available

State corrective process."  Lines, 208 F.3d at 162.  The only way in which Smith could

---

[1]In his Reply, Smith argues that the federal equivalent of both of his claims were fairly presented to the state courts as he relied upon Commonwealth v. Bazemore, 614 A.2d 684, 685 (Pa. 1992), a case referencing a criminal defendant's confrontation rights under the Sixth Amendment, in presenting his claims to the Pennsylvania courts.  In addition, Smith points out that the Pennsylvania Superior Court cited Bazemore six (6) times in its opinion "thereby demonstrating that the state court contemplated the federal nature of [Smith's] challenge."  See Pet'r Reply, at 4.  Upon review of the Smith's brief from his Pennsylvania Superior Court appeal, however, I note that Smith did not rely upon Bazemore in his argument regarding the admission of the victim's "excited utterance," but rather raised Bazemore exclusively in the context of his other claim, which addressed the admission of the victim's testimony as an "unavailable witness."  Moreover, in disposing of Smith's claims, the state court cited Bazemore solely in that portion of its opinion discussing Smith's "unavailable witness" claim.  In the interest of completeness, I note that, in the state court, both Smith and the courts addressed Smith's "excited utterance" claim first, thereby obviating the argument that either party intended to incorporate Bazemore by inference.  As such, I find that Smith did not present the federal equivalent of his "excited utterance" claim to the state courts.

8

present this claim in the state court at this time is by filing a PCRA petition.  See <u>Szuchon</u> <u>v. Lehman</u>, 273 F.3d 299, 324 n.14 (3d Cir. 2001).  However, any such petition would be time-barred by the PCRA's statute of limitations.[2]  As a result, exhaustion would be futile and should be excused.

When a claim is not exhausted because it has not been "fairly presented" to the state courts, but state procedural rules bar a petitioner from seeking further relief in state courts, the exhaustion requirement is satisfied because there "is an absence of available State corrective process."  <u>McCandless</u>, 172 F.3d at 260 (citing 28 U.S.C. § 2254(b)).  In such cases, however, petitioners are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the petitioner establishes "cause and prejudice" to excuse his default.  <u>Id.</u> (citing <u>Coleman</u>, U.S. at 750).

---

[2]Pursuant to the amended PCRA, effective January 16, 1996, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final.  42 Pa. Cons. Stat. Ann. § 9545(b)(1); <u>see also</u>, <u>e.g.</u>, <u>Lines</u>, 208 F.3d at 164 n.17 (noting that the Pennsylvania Supreme Court has held that the time restrictions for seeking relief under the PCRA are jurisdictional) (citing <u>Commonwealth v. Banks</u>, 726 A.2d 374 (Pa. 1999)).  For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking the review.  42 Pa. Cons. Stat. Ann. § 9545(b)(3).  As previously noted, the Pennsylvania Supreme Court denied Smith's petition for allocatur on December 28, 2005, and Smith failed to petition for a writ of certiorari in the United States Supreme Court; therefore, his conviction became final on March 28, 2006, when the time for seeking an appeal in the United States Supreme Court expired.  Because Smith would have had to file a PCRA petition by March 28, 2007, in order to have filed in a timely manner, the PCRA statute of limitations would preclude Smith from presenting the instant claims in a PCRA petition.  42 Pa. Cons. Stat. Ann. § 9545(b)(1).  Moreover, although there are three (3) exceptions to the PCRA's statute of limitations, 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(I), (ii), (iii), Smith fails to allege any of the limited circumstances upon which an exception would be granted.

Smith has not even attempted to provide this court with an explanation for his failure to fairly present this claim to the state courts.[3] As a result, he has not shown cause to excuse his procedural default.[4] Moreover, because Smith makes no colorable showing of innocence, he has failed to demonstrate that a miscarriage of justice will result if his second claim is not reviewed. <u>Coleman</u>, 501 U.S. at 748; <u>Schlup</u>, 513 U.S. at 327 (citing <u>Carrier</u>, 477 U.S. at 496); <u>see</u> <u>Glass</u>, 65 F.3d at 16-17. Therefore, this claim should be dismissed as procedurally defaulted.

I do find, however, that Smith fairly presented his first claim to the state courts. Although Smith did not invoke the "talismanic" language of federal law in his state court claim, he did argue in the Superior Court that he was denied his right to fully cross-examine the victim during his preliminary hearing. <u>See</u> Petitioner's Sup. Ct. Br., attached to Resp't Answer as Ex. "B;" <u>see also</u> <u>Hameen</u>, 212 F.3d at 247 (to satisfy the exhaustion requirement, a defendant only need to have given the state courts the opportunity to pass on the merits of the claim) (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971)). Because

---

[3]To the extent that Smith would argue that his default is due to counsel's failure to properly present this claim on direct appeal, such a claim must fail. A claim of ineffective assistance of counsel constitutes "cause" for procedural default only if the claim was presented to the state courts independently prior to its use to establish cause. <u>Edwards</u>, 529 U.S. 466 (citing <u>Carrier</u>, 477 U.S. at 488-89). In the instant case, the state court never entertained the claim that counsel was ineffective for failing to properly present this claim on direct appeal. Consequently, because a claim of ineffective assistance of appellate counsel was not presented to the state courts, it cannot constitute "cause" for his default.

[4]Because no cause has been demonstrated, the court need not address the prejudice requirement. <u>Engle v. Isaac</u>, 456 U.S. 107, 134 n.43 (1982) (because petitioner lacked cause for default, the court need not consider whether he also suffered actual prejudice).

I find that the Sixth Amendment claim presented in Smith's first habeas claim is essentially the same claim of trial court error presented to the state courts, the claim is considered exhausted for the purposes of habeas corpus review.  See McCandless, 172 F.3d at 261 (a "petitioner need not have cited 'book and verse' of the federal constitution" to "fairly present" a federal claim) (citation omitted); see generally Evans, 959 F.2d at 1231 (citing Bisaccia v. Attorney General of the State of New Jersey, 623 F.2d 307 (3d Cir.), cert. denied, 449 U.S. 1042 (1980)) ("[b]ecause the substance of the appellant's state claim is virtually indistinguishable from the due process allegation now before the federal court, and because the method of analysis is indistinct . . . exhaustion of state remedies has been met").  As a result, this court will proceed to address the merits of Smith's first claim.

**2.      Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).  The AEDPA increases the deference federal courts must give to the factual findings and legal determinations of the state courts.  Id. at 196 (citing Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)).  Pursuant to 28 U.S.C. § 2254(d), as amended by the AEDPA, a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable

application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).  Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  Werts, 228 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)).

The Supreme Court expounded upon this language in Williams v. Taylor, 529 U.S. 362 (2000).  In Williams, the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  529 U.S. at 412-413 (quoted in Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000)).  The Court in Williams further stated that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable."  Id. at 409.  "In further delineating the 'unreasonable application of' component, the Supreme Court stressed that

an unreasonable application of federal law is different from an incorrect application of

such law and a federal habeas court may not grant relief unless that court determines that

a state court's incorrect or erroneous application of clearly established federal law was

also unreasonable." Werts, 228 F.3d at 196 (citing Williams, 529 U.S. at 411).

### A.     Claim One (1): Unavailable Witness

As previously noted, the victim's preliminary hearing testimony was admitted at

Smith's trial because the victim died before he could testify at the trial.[5]  In his first claim,

Smith contends that admitting the victim's preliminary hearing testimony at trial violated

the Confrontation Clause.  In support thereof, he argues that defense counsel was not

afforded a full and fair opportunity to cross-examine the victim due to the fact that the

trial court sustained many of the Commonwealth's objections to defense counsel's

questions.  (N.T. 12/3/03, at 5-6, 14-17).

In reviewing this claim on direct appeal, the state court noted that Smith was

represented by counsel at his preliminary hearing and concluded that he "was afforded a

---

[5]Section 5917 of the Judicial Code, which applies where a witness is deceased, provides:

**5917. Notes of evidence at former trial**
Whenever any person has been examined as a witness, either for the Commonwealth
or for the defense, in any criminal proceeding conducted in or before a court of record,
and the defendant has been present and has had an opportunity to examine or cross-
examine, if such witness afterwards dies, or is out of the jurisdiction so that he cannot be
effectively served with a subpoena, or if he cannot be found, or if he becomes
incompetent to testify for any legally sufficient reason properly proven, notes of his
examination shall be competent evidence upon a subsequent trial of the same criminal issue.

42 Pa.C.S.A. § 5917; see also Commonwealth v. Bell 706 A.2d 855, 859 (Pa. Super. 1998).

13

full and fair opportunity to cross-examine the victim."[6] <u>Commonwealth v. Smith</u>, No. 817 EDA 2004, at 7 (Pa. Super. July 6, 2005), attached to Resp't Answer as Ex. "A."

The Confrontation Clause provides a criminal defendant with the right "to be confronted with the witnesses against him."[7]  U.S. Const. amend VI.  The Supreme Court has recognized that the right of an accused to confront and cross-examine witnesses is essential to due process.  <u>See Chambers v. Mississippi</u>, 410 U.S. 284, 294 (1973). However, this right is not so broad as to exclude "the admission of certain hearsay statements against a defendant despite the defendant's inability to confront the declarant at trial."  <u>Maryland v. Craig</u>, 497 U.S. 836, 847-48 (1990).  For example, the Supreme Court has long held that the prior testimony of a deceased witness is admissible if it was subject to cross-examination.  <u>Mattox v. United States</u>, 156 U.S. 237, 240-244 (1895). Indeed, the Court has held that a hearsay statement can be admitted in a criminal trial without violating the right of confrontation if it is shown that the declarant is unavailable

---

[6]In reaching this conclusion, the state court cited the following statements made by the trial court during pretrial motions:

I can fully appreciate [] you would have wanted all those questions that were objected to answered.  Rightly so, because you would have asked them at trial, but that doesn't mean that the Commonwealth can't introduce what's there . . . because what is critical from this testimony was pursued.  Where was the young man sitting, where was [Smith] standing, what were the different body parts, who were the other people in the car.  All of those things are addressed.  So I can't say that the notes are inadequate.  Clearly I know you would have liked to have asked more questions, but I can't say they're inadequate.

<u>Commonwealth v. Smith</u>, No. 817 EDA 2004, at 7 (Pa. Super. July 6, 2005), attached to Resp't Answer as Ex. "A" (citing N.T. Motion in Limine, 12/3/03, at 18).

[7]The Supreme Court has held that this clause is a fundamental right "made obligatory on the states by the Fourteenth Amendment."  <u>See Pointer v. Texas</u>, 380 U.S. 400, 403 (1965).

14

and the out-of-court statement bears adequate indicia of reliability.  Ohio v. Roberts, 448

U.S. 56, 66 (1980).  This standard was more recently refined by the Supreme Court in

Crawford v. Washington, 541 U.S. 36 (2004), in which the Court held that the

Confrontation Clause bars the "admission of *testimonial* statements of a witness who did

not appear at trial unless he was unavailable to testify, and the defendant had a prior

opportunity for cross-examination."[8] 541 U.S. at 53-54 (emphasis added).

In this case, Smith does not argue that he was deprived of the opportunity to

conduct *any* cross-examination of the victim, but rather that he was denied the right to

conduct a full and fair cross-examination due to the limitations set forth by the court

during his preliminary hearing.[9]  More specifically, Smith contends that he did not have

"the opportunity to impeach and test the credibility of the witness."[10]  See Pet'r Reply, at

7.  Although I agree that the objections sustained during the preliminary hearing were at

---

[8]"[A]t a minimum, [the term 'testimonial' applies] to prior testimony at a preliminary
hearing, before a grand jury, or at a former trial; and to police interrogations."  Crawford, 541
U.S. at 68.

[9]I note that the notes of testimony from the preliminary hearing were not provided with
the state court record.  However, counsel for both parties discussed the admissibility of the
victim's preliminary hearing testimony during argument on a motion in limine.  (N.T. 12/3/03
(motion), at 3-11).  At that time, the parties' indicated that the full direct and cross-examination
of the victim were contained in pages seven (7) through twenty-three (23) of the preliminary
hearing testimony.  (N.T. 12/3/03 (motion), at 11).  Because those pages were read into the
record at trial, this court was able to review the disputed testimony.  (N.T. 12/3/03 (trial), at 22-
44).

[10]In support thereof, Smith points out that there is no credibility testing performed by the
factfinder in a preliminary hearing.  Commonwealth v. Jackson, 849 A.2d 1254, 1257 (Pa. Super.
2004).

times puzzling to say the least, I cannot conclude that a lack of response to those questions curtailed effective cross-examination.[11]  For example, the defense was precluded from asking the victim about what the shooter was wearing, (N.T. 12/3/03, at 38); how long he had known the shooter, (N.T. 12/3/03, at 40); whether there were other persons present when the shooting occurred, (N.T. 12/3/03, at 41); whether the victim had seen the shooter earlier that day, (N.T. 12/3/03, at 41); whether the victim's companions on the day of the incident were present at the preliminary hearing, (N.T. 12/3/03, 42); and whether the victim had participated in a photographic identification, (N.T. 12/3/03, at 42-43).  Many if not all of these questions relate to the victim's identification of Smith and participation in a photo display, rather than the victim's credibility.[12]  To the extent that Smith argues that he was prevented from fully questioning the victim regarding the victim's identification of Smith, I note that, despite the preliminary hearing court sustaining many of the Commonwealth's objections, the defense was able to question the victim regarding the details of how and when the shooting occurred, as well as the circumstances surrounding the event.  (N.T. 12/3/03, at 32-40, 42-43).  Moreover, any subsequent identification by the victim was not crucial to the victim's credibility in light of the fact that the victim testified at the preliminary hearing that he knew Smith prior to

---

[11]I note that the preliminary hearing court generally issued its rulings on objections without explanation.

[12]In fact, Smith has failed to provide any indication of how, or on what basis, he would have attacked the victim's credibility if given the unfettered opportunity to do so on cross-examination.

the shooting and identified Smith to police by name immediately following the event. Upon consideration thereof, the limits placed upon this line of questioning do not appear to have meaningfully curtailed defense counsel's cross-examination of the victim.

In Crawford, the Supreme Court did not address the extent of cross-examination required in order to avoid a Confrontation Clause violation. However, in Delaware v. Fensterer, 474 U.S. 15, 20 (1985), the Court set out the following general standard for cross-examination: "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish." See also California v. Green, 399 U.S. 149, 166 (1970) (noting that even though preliminary hearing testimony is often a "less searching exploration into the merits," the opportunity to cross-examine the witness may still satisfy the Confrontation Clause). In this case, Smith had an adequate opportunity for cross-examination of the victim at the preliminary hearing, and the introduction of the victim's preliminary hearing testimony did not violate Smith's rights under the Confrontation Clause. As a result, I find that the state courts' conclusion that there was no violation of the Confrontation Clause is not an unreasonable application of clearly established federal law, as determined by the Supreme Court. See 28 U.S.C. § 2254(d). Accordingly, I recommend that this claim be denied.

17

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this 20th day of August, 2007, IT IS RESPECTFULLY

RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There has

been no substantial showing of the denial of a constitutional right requiring the issuance

of a certificate of appealability.


_____

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

18

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY G. SMITH            :        CIVIL ACTION
                            :
        v.                  :
                            :
COMMONWEALTH OF             :
PENNSYLVANIA, et al.        :        No. 07-0957

## O R D E R

AND NOW, this       day of                , 200    , upon careful and

independent consideration of the petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254, and after review of the Report and Recommendation of United States

Magistrate Judge Peter B. Scuderi, and any objections filed thereto, IT IS ORDERED

that:

        1.  The Report and Recommendation is APPROVED and ADOPTED.

        2.  The petition for a writ for habeas corpus filed pursuant to 28 U.S.C. §

        2254 is DENIED.

        3.  There is no basis for the issuance of a certificate of appealability.

                            BY THE COURT:


                            _____

                            J. CURTIS JOYNER, J.